IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| KERRY KLEMICK, | : | BANKRUPTCY NO.: 5-04-bk-55010 |
| DEBTOR | : | |
| _____ | : | |
| KERRY KLEMICK | : | {**Nature of Proceeding**: Debtor's Objection to Proof of Claim} |
| MOVANT | : | |
| v. | : | |
| ECAST SETTLEMENT CORPORATION | : | |
| RESPONDENT | : | |

# **OPINION**[1]

Presently before the Court is the disposition of Debtor's Objection to Proof of Claim #7. Claim #7, a general unsecured claim for $2,153.71, was filed on February 11, 2005 by eCAST Settlement Corporation as assignee of Citibank USA NA.

**Background**

Debtor filed bankruptcy October 6, 2004. Debtor's Schedule F lists two debts for $2,153.00: 1) an undisputed debt for "Littman and Barclay Jewelers" account number ************9014; and 2) a disputed debt with Citibank with three account numbers listed including ************9014. On February 11, 2005, eCAST Settlement Corporation as assignee of Citibank, filed a general unsecured claim in the amount of $2.153.71 for unpaid pre-petition charges incurred on Debtor's account number ************9014. Attached to the

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

proof of claim was a summary of the account. On October 12, 2005, Debtor objected to Claim #7, with six cursory one sentence objections including that eCAST was not a real party in interest and that the debt was barred by the statute of limitations. These are the only two objections Debtor's counsel pursued at the hearing on December 13, 2006, and in her subsequent brief. (See Doc. #71).

**Analysis**

Properly filed proofs of claim are prima facie valid evidence of a claim and satisfies a claimant's initial burden of production. Fed. R. Bankr. P. 3001(f); and *In re Allegheny,* 954 F.2d 167, 173 (3d Cir. 1992). Federal Rule of Bankruptcy Procedure 3001(a) governs how to properly file a proof of claim and states: "a proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form." The appropriate form is Official Form 10. *Colliers* ¶ 3001.03 (referencing *In re M.J. Waterman & Assocs., Inc.,* 227 F.3d 604, 608 (6th Cir. 2000)). The Court finds eCAST, on behalf of themselves as the assignee of Citibank, submitted an appropriately filled out Official Form 10, accompanied by a summary of the account ************9014[2]. Once the claimant has established facts sufficient to support legal liability to the claim, the burden of going forward shifts to the objector "to produce evidence sufficient to negate the prima facie validity of the filed claim . . . the objector must produce evidence equal in force to the prima facie case." *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). However, the burden of persuading the court that the claim is valid remains with the claimant. *In re Holm,* 931 F.2d 620, 623 (9th Cir. 1991) (quoting *Collier* §§ 502.02 at 502-22); *In re Windsor Communications Group, Inc.,*

---

[2] See Exhibit A to Doc. No. 49.

45 B.R. 770, 773 (Bankr. E.D.Pa. 1985).

This Court has previously found an objection based on the statute of limitations enough to overcome the prima facie validity of the claim and shift the burden back to the claimant. See *In re Polkowski,* 303 B.R. 585 (Bankr.M.D.Pa. 2003). Pennsylvania law allows a four year statute of limitations to recover this kind of debt. 42 Pa.C.S.A. § 5525. Neither eCAST's Official Form 10 nor the attachment thereto list the date Claim #7 was incurred. The Court finds the instant Debtor's statute of limitations objection sufficient to shift the burden back to eCAST.

At trial on December 13, 2005, counsel for eCAST submitted to the Court monthly account statements for the period of March 2005 to February 2004. Debtor objected to the admission of these documents on grounds they constitute hearsay. Hearsay is defined by the Federal Rules of Evidence as an out of court statement offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). At trial, eCAST's counsel argued they were admissible as business records pursuant to Fed. R. Evid. 803(6). However, in order to fit within the exception for business records, a proper foundation for the documents must be laid by the custodian of records or an "other qualified witness." See Fed. R. Evid. 803(6). No foundation testimony regarding these documents was proffered to the Court, and Debtor's objection on grounds of hearsay is sustained.

Having ruled the only document showing any date to be inadmissible, there is no evidence before the Court evidencing the fact that these claims were incurred within the preceding four years.[3] As such, eCAST failed to come forward with sufficient evidence to

---

[3] The Proof of Claim contains a section to list the "Date Debt was Incurred." ECAST filled out that section to read "Various Transaction Dates." Additionally, the account summary attached to the Proof of Claim lists no date for when the underlying transactions occurred.

overcome Debtor's statute of limitations objection, and Debtor's Objection to Claim #7 is sustained.

An Order will follow.

Date: June 19, 2006

John J. Thomas, Bankruptcy Judge
(KE)

*This document is electronically signed and filed on the same date.*