IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| KERRY KLEMICK, | : | BANKRUPTCY NO.: 5-04-bk-55010 |
|     DEBTOR | : | |
| | : | |
| | : | |
| KERRY KLEMICK | : | {**Nature of Proceeding**: Motion of eCAST |
|     MOVANT | : | Settlement Corporation for the |
| | : | Reconsideration of the Order Sustaining |
|     v. | : | Debtor's Objection to Claim Number 7 |
| | : | (Doc. #74)} |
| ECAST SETTLEMENT CORPORATION | : | |
|     RESPONDENT | : | |

# OPINION[1]

Before this Court is the disposition of eCAST Settlement Corporation's Motion for

Reconsideration of this Court's June 19, 2006 Order (See Doc. No. 73) sustaining Debtor's

Objection to Proof of Claim Number 7. For the reasons set forth herein, the Motion for

Reconsideration is denied.

**PROCEDURAL HISTORY**

Kerry Klemick filed a voluntary Chapter 13 petition on October 6, 2004. On February

11, 2005 eCAST, as assignee of Citybank USA NA, timely filed a general unsecured claim for

$2,153.71 for unpaid pre-petition charges incurred on credit card account number

***********9014. Attached to the proof of claim was a cursory summary of the account. On

October 12, 2005, Debtor objected to Claim #7 claiming, among other things, that the debt was

barred by the statute of limitations. A hearing on Debtor's objections was held on December 13,

---

[1] Drafted with the assistance of Kathryn F. Evans, Law Clerk.

[m:\users\cathy\...\opinions\5-04-bk-55010_Klemick_Recon.wpd]

2005.  At the hearing, eCAST sought to introduce into evidence monthly account statements for the period of time within the statute of limitations.  Debtor objected to the admission of these documents on grounds they were hearsay.  The Court took the objection to Claim #7 and the objection to the monthly account statements under advisement.  On June 19, 2006, the Court sustained the Debtor's objections, finding the monthly account statements to be inadmissible hearsay and sustaining the statute of limitations objection to Claim #7 because there was no admissible evidence before the Court regarding the date the claim was incurred.  ECAST now seeks reconsideration of the claim under 11 U.S.C. §502(j) and Fed. R. Bankr. P. 3008.

**DISCUSSION**

Under 11 U.S.C. § 502(j) "a claim that has been allowed or disallowed may be reconsidered for cause.  A reconsidered claim may be allowed or disallowed according to the equities of the case."  Determining whether there is cause for reconsideration lies within the sound discretion of the court.  *In re Matter of Fox*, 64 B.R. 148 (Bankr. N.D. Ohio 1986) (citing 2 Collier Bankruptcy Manual ¶ 502.11(3) (3rd ed. 1986)).

eCAST seeks reconsideration of the Court's previous finding that the Debtor's statute of limitations objection was sufficient to overcome the prima facie validity of eCAST's claim.  As discussed in the previous Opinion, the burden shifting scheme begins with the creditor who has the burden of filing a proof of claim which is prima facie evidence of the claim's validity.  *In re Allegheny,* 954 F.2d 167, 173 (3d Cir. 1992).  Once the prima facie case has been made by the creditor, the burden shifts to the debtor to make "a *colorable challenge* to a properly filed proof of claim."  *In re Tudor,* 342 B.R. 540, 550 (Bankr. S.D.Ohio 2005) (emphasis added).  However, the burden of persuading the court remains with the claimant.  *In re Holm,* 931 F.2d 620, 623

(9th Cir. 1991).

This Court earlier found eCAST's initial proof of claim was sufficient to establish the prima facie validity of their claim. However, eCAST disagreed with the Court's finding that a one sentence objection based on the statute of limitations was sufficient to shift the burden back to them, and they found the Court's citation to *In re Polkowski,* 303 B.R. 585 (Bankr. M.D. Pa 2003) to be less than persuasive. Although the primary analysis in *Polkowski* did not pivot on efficacy or burden shifting power of a statute of limitations objection, the case still involved a debtor who shifted the burden of persuasion back to the claimant based solely on an objection on the statute of limitations coupled with a legal argument. *Id.* Likewise, in the instant case, the Court found Debtor's statute of limitations objection, coupled with the legal arguments made during the December 13, 2005[2] hearing, to be sufficient to shift the burden back to eCAST. eCAST argues that Rule 3001(f)[3] requires the debtor to come forward with "substantive evidence[4]," however nothing in Rule 3001(f) refers to substantive evidence, and as stated above, this Court has found a valid legal argument, without the introduction of substantive evidence, to be sufficient to shift the burden back to the claimant. *See Polkowski,* 303 B.R. 585. The Court maintains its prior position that a statute of limitations objection where there is no evidence before the Court regarding the date the claim was incurred constitutes a valid colorable

---

[2] At the December 13, 2005 hearing, Debtor's counsel argued that there was no date on the proof of claim, nor was there any admissible evidence before the Court evidencing a date, and therefore, she objected to the claim on the basis of the statute of limitations since there was no date on any of the admissible documents.

[3] Fed. R. Bankr. P. 3001(f) states: "Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity of the amount of the claim."

[4] Black's Law Dictionary defines "substantive evidence" as: That adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (i.e., showing that he is unworthy of belief), or of corroborating his testimony. Black's Law Dictionary, 1429 (6th ed.1990).

challenge. *In re Tudor*, 342 B.R. at 550.

eCAST also challenges the Court's findings that the monthly account statements were improperly denied admission as hearsay evidence and should have been admissible under Fed. R. Evid. 902(11). Federal Rule of Evidence 902(11) reads as follows:

> (11) Certified Domestic Records of Regularly Conducted Activity. The original or duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) *if accompanied by a written declaration* of its custodian or other qualified person in manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority certifying that the record-
>
> (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
> (B) was kept in the course of the regularly conducted activity; and
> (C) was made by regularly conducted activity as a regular practice.
>
> *A party intending to offer a record in evidence under this paragraph must provide written notice of that intention to all adverse parties and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with fair opportunity to challenge them.*

Fed. R. Evid. 902(11) (emphasis added).

Admissibility under Rule 902(11) requires a written declaration, and advance notice must be given to the adverse party prior to the evidence being offered. *Id.*, and *Latman v. Burdette,* 366 F.3d 774, 787 (9th Cir. 2004). There was no written declaration to accompany the summary accounts, nor has eCAST averred that they provided the Debtor with written notice of their intent to introduce these prior to the hearing. Therefore, they are not admissible under Fed. R. Evid. 902(11).

Finally, eCAST argues that, according to the Court's Opinion, the Debtor is not required to present any evidence to support the defenses raised which essentially puts a creditor in the position of having to "prove" its debt as if it had sued the Debtor in state court. ECAST further

argues that this is contrary to the burden shifting scheme as set forth in Fed. R. Bankr. P. 3001, which affords properly filed claims prima facie validity. This statement is simply untrue. The Court afforded eCAST's Official Form 10 prima facie validity, however, because eCAST failed to list a date on their Official Form 10 and did not provide the Court with any admissible evidence showing the date the claim was incurred, in the face of Debtor's statute of limitations objection, the Court found they ultimately failed to carry their burden of persuasion.

## CONCLUSION

eCAST's Motion for Reconsideration is denied. The Court maintains its original disposition, finding that although eCAST's initial proof of claim was prima facie valid, the Debtor's statute of limitations objection shifted the burden back to them to prove their claim was incurred within the preceding four years. Having failed to provide any admissible evidence showing when the claim was incurred, eCAST failed to meet their burden of persuasion. Debtor's statute of limitations objection is sustained.

An Order will follow.

Date:   September 12, 2006

John J. Thomas, Bankruptcy Judge

(CMS)

*This opinion is electronically signed and filed on the same date.*